HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ADMINISTRATORS, INC.,

    Plaintiff,

  v.

PACIFIC DELIVERY SERVICE, INC.,

    Defendant.

CASE NO. C14-635RAJ

ORDER

This matter comes before the court on Plaintiff's motion for default judgment. Dkt. # 7. The court GRANTS the motion, and directs the clerk to enter a default judgment in accordance with this order.

The court's role in considering a motion for default judgment is not ministerial. The court must accept all well-pleaded allegations of the complaint as established fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must provide evidence to support a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). Where the plaintiff cannot prove that the sum he seeks is "a liquidated sum or capable of mathematical calculation," the court must conduct a hearing or otherwise

ORDER – 1

ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiff has established that Defendant withdrew from a pension fund that it administers and that Plaintiff assessed Defendant's liability for withdrawal at $239,452.54. Ditter Decl. (Dkt. # 8), ¶ 12 & Ex. D. Plaintiff has established that it complied with the terms of the governing contract as to notifying Defendant of its withdrawal liability, and that because Defendant did not make payments in accordance with Plaintiff's demand, Plaintiff has the right to declare the entire balance of withdrawal liability due. Ditter Decl., Ex. A (Employer Withdrawal Liability Rules and Procedures at § 16(c)(5). Plaintiff has also established that the unpaid withdrawal liability is a delinquent "Employer Contribution" within the meaning of the trust agreement, and that Plaintiff is therefore entitled to liquidated damages of 20% of the withdrawal liability, or $47,890.51 in this case. *Id.* (Trust Agr. Part I, § 9 (defining "Employer Contributions"), Part IV, § 3(b)(2) (providing liquidated damages for delinquent contributions). By virtue of the same agreement, Plaintiff is entitled to $557.75 in interest accrued through June 15, 2014, and is entitled to interest on the withdrawal liability only at a rate of 3.25% per year thereafter.

Plaintiff has established entitlement to attorney fees of $1,873.50 and costs of $469. Although Plaintiff's evidence of attorney fees includes the hourly fees of non-attorneys, Plaintiff has established that its counsel does not incorporate non-attorney work into its hourly rate, and has established that counsel actually bills Plaintiff for the work of non-attorneys. In accordance with *Trustees of the Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006), the court awards the hourly fees of both Plaintiff's counsel and counsel's hourly-billing support staff.

ORDER – 2

The court directs the clerk to enter default judgment for Plaintiff in accordance with this order.

DATED this 14th day of July, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 3